IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROLAND DEWITT PUGH,

    Plaintiff,                    No. CIV S-05-0002 FCD GGH P

    vs.

DR. MERICLE,

    Defendant.                 <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  By order filed on April 22, 2005, this court ordered plaintiff to complete service upon defendant Mericle in accordance with Federal Rule of Civil Procedure 4 within sixty days. Plaintiff was directed to serve a copy of the April 22, 2005 order upon the defendant as well as a summons and a copy of the January 3, 2005 complaint to be provided by the Clerk of the Court. Within the order the parties were directed to submit to the court and serve by mail on each party a status report within 120 days.

        Because the Clerk of the Court had failed to spell defendant's name correctly, and at plaintiff's request, the court, by order filed on May 12, 2005, directed the Clerk to provide plaintiff with a new summons, containing the correct spelling of defendant's name.  On June 3, 2005, the docket indicates that plaintiff filed an executed waiver of service, signed by an

1  individual named Theresa L. Bridges, apparently a process server, dated June 1, 2005, and
2  indicating that the summons (and, presumably, the complaint) had been served upon defendant
3  via certified mail from Burlingame, CA.
4        On June 27, 2005, plaintiff filed a declaration, indicating that on June 10, 2005,
5  the litigation department at High Desert State Prison returned the complaint and summons to the
6  process server, refusing to forward the documents to the defendant.  Plaintiff includes a
7  memorandum from the High Desert State Prison Litigation Department to the process server
8  stating that the documents were being returned per the instruction of "our legal department."
9        Plaintiff requests that the court order the U.S. Marshal to serve the complaint and
10  summons.  Plaintiff, however, paid the filing fee in full and has not sought in forma pauperis
11  status pursuant to 28 U.S.C. § 1915.
12        Fed. R. Civ. P. 4(e) provides that service upon individuals within a judicial
13  district from whom a waiver of service has not been obtained may be made by personal service or
14  pursuant to the law of the state in which the district court is located.  Because plaintiff did not
15  personally serve defendant Mericle, he was required to satisfy California service rules.
16        Although California law permits service of a summons by mail, such service is
17  valid only if a signed acknowledgment is returned and other requirements are complied with.
18  Cal. Code Civ. Pro. § 415.30.[1]  Plaintiff has not complied with the requirements of § 415.30 (see

---

[1] Cal. Civ. Pro. Code § 415. 30 provides:
"(a) A summons may be served by mail as provided in this section.  A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender.
(b) The notice specified in subdivision (a) shall be in substantially the following form:
(Title of court and cause, with action number, to be inserted by the sender prior to mailing)
NOTICE
To: (Here state the name of the person to be served.)
This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law... [T]his form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons.

footnote, which sets forth this code section in relevant part).  Plaintiff will be afforded one additional opportunity to serve defendant properly.

          Accordingly, IT IS ORDERED that:

          1.  Plaintiff's June 27, 2005 request for the court to direct the U.S. Marshal to serve this complaint must be denied;

          2.  Plaintiff must, within sixty days, serve process upon defendant Mericle; failure to do so will result in a recommendation of dismissal of this action for plaintiff's failure to serve the defendant in a timely manner, pursuant to Fed. R. Civ. P. 4(m).

          3.  As directed in the court's April 22, 2005 order, plaintiff must serve defendant with a copy of the April 22, 2005 order together with the summons and a copy of the complaint; plaintiff must also include a copy of this order, wherein the deadlines as set forth in the April 22, 2005 order, are hereby extended to run from the date of this order; and

          4.  The Clerk of the Court is directed to re-issue and re-send plaintiff one summons, for defendant Dr. Mericle.  <u>See</u> docket entry No. 9.  The Clerk shall also send plaintiff one copy of the complaint, filed on January 3, 2005, and one copy of the form "Consent to Proceed Before United States Magistrate Judge" with this order.

          5.  The Clerk is also directed to remove the first sheet, entitled a Notice of Appeal, covering plaintiff's complaint in docket entry No. 1.  This one-sheet notice was filed in a different case, Case No. 03-645 LKK JFM P, by another plaintiff and is obviously unrelated to this action but, apparently inadvertently, was docketed electronically with plaintiff's January 3, 2005 complaint.

DATED:   10/13/05                        /s/ Gregory G. Hollows

                                        GREGORY G. HOLLOWS
                                        UNITED STATES MAGISTRATE JUDGE

GGH:009/pugh0002.rsv

---

Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons."